## Emerson v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Edmonson Circuit Court.

1. Indictment and Information—Misspelled Words Not Ground for Demurrer to Indictment.—An indictment charging accused with having in possession "spirivuous and intoxicating liquors" was not bad on demurrer, it being plain to one of common understanding that "spirituous" was intended.

2. Indictment and Information—Indictment Charging Having Spirituous and Intoxicating Liquors in Possession Not Duplicitous.—Indictment charging having spirituous and intoxicating liquors in possession was not duplicitous; spirituous and intoxicating liquors being one and the same thing.

3.  Intoxicating Liquors—Proof of White Whiskey Supports Allega-
    tion of Unlawful Possession of Spirituous and Intoxicating Liquors.
    —Evidence showing defendant had in possession white whiskey
    did not prove different offense than that charged by indictment
    alleging having in possession spirituous and intoxicating liquors.
4.  Depositions—In Criminal Case Must be Taken in Strict Conform-
    ity to Statute.—In criminal case, no deposition can be read, even
    at instance of defendant, except where taken in strict conformity
    to Criminal Code of Practice, section 153.
5.  Depositions—Depositions Not in Conformity to Statute could be
    Excluded Without Written Motion by Commonwealth Before Trial.
    —Court properly excluded depositions obtained by defendant with-
    out complying with Criminal Code of Practice, section 153, though
    Commonwealth made no written motion before trial; Civil Code of
    Practice, sections 586, 587, having no application to depositions
    in criminal cases.
6.  Intoxicating Liquors—Evidence of Possession Held to Take Case
    to Jury and Sustain Conviction.—In prosecution for unlawful pos-
    session, evidence held sufficient to carry case to jury and sustain
    conviction.

MILTON CLARK for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Charley Emerson operated a sawmill near
the river in Edmonson county and lived at a boarding
house kept by Mrs. Pace. He had been there some months.
Late one evening W. E. Miller, wife and daughter, came
by, and to avoid a rain storm that was coming up, entered
the Pace home. It consisted of two rooms. Mrs. Pace had
six children, five of whom were at home most of the time.
One of them worked at the sawmill. While the Millers
were in the Pace home appellant Emerson entered car-
rying a sack containing something. He went into the
kitchen and took from the sack a jar of white whiskey, ac-
cording to the witnesses for the Commonwealth. He
then invited Miller and his wife and some other members
of the party into the kitchen to have a drink. Miller en-
tered and took a drink as did his wife.

After supper Emerson sweetened up some more
whiskey and offered it to Miller, who drank it. These
facts were proven by the three witnesses—Miller, his
wife and daughter.

He was charged with having spirituous and intoxicating liquor in possession. He testified he was not guilty; that he did not have any whiskey at the place mentioned by the three witnesses for the Commonwealth and that he did not offer them a drink. In fact denied the whole evidence given by the Millers.

Appellant called several other witnesses, but none of them gave evidence concerning the transaction at the house, but their evidence was mostly directed at the character of some of the prosecuting witnesses.

For appellant was taken the depositions of Mrs. Pace and some of her children who at the time of the trial and for some time previous thereto, lived in Louisville; but these depositions were suppressed on motion of the Commonwealth because not taken in accordance with the provisions of section 153, Criminal Code, and of this appellant complains.

His first contention is that the indictment was demurrable. One of his grounds relied upon as rendering the indictment bad on demurrer is, the bad spelling or typographical errors in the accusatory part which charged him with having in possession *"spirivuous* and intoxicating liquors.'' We apprehend that the misspelled word was intended to mean and to accuse appellant of having in possession *spirituous* and intoxicating liquors.

This is borne out by the averment in the body of the indictment which reads, ''did unlawfully have and keep in his possession spirituous and intoxicating liquors.''

Bad spelling never renders a pleading bad if one of common understanding may read and understand what is meant by the averment. Here we have no difficulty in understanding perfectly what the attorney for the Commonwealth intended to charge in the indictment.

Appellant also insists that the indictment is duplicitous, but this is not maintainable, for it charges but one offense, that of having spirituous and intoxicating liquors in possession. Spirituous and intoxicating liquors are one and the same thing. Neither is he correct in his insistence that the evidence which shows that appellant had in possession white whiskey proved a different offense from that charged in the indictment.

One of his chief complaints is that the court declined to allow him to read the depositions of Mrs. Pace and her children taken in Louisville on notice given to the Commonwealth.

Section 153 of the Criminal Code reads:

"If it appear by affidavit that a material witness is about to leave this state without the procurement or consent of the defendant, or is physically unable to attend for examination in court; or that his death is apprehended, or that he is a nonresident of this state, and beyond the reach of the process of the court, the court or the judge, 'or any circuit judge' in vacation, may authorize the defendant to take his deposition.

"The court or judge shall, by written order, prescribe the manner of taking the deposition, whether by written interrogatories, or upon notice to the attorney for the Commonwealth; and such deposition shall only be used if the witness be dead or is absent from the state, or physically unable to attend for examination in court at the time of trial. The deposition may be taken by any officer who is authorized to take depositions by the Civil Code: *Provided,* That the deposition of a nonresident shall only be taken upon interrogatories to be filed with the clerk of the court in which the trial is pending, and under the same rules that are prescribed in the Civil Code for taking depositions in civil cases; and notice of the filing of the interrogatories shall at once be given to the attorney for the Commonwealth, who may file cross-interrogatories within ten days after the notice of the filing of the interrogatories shall have been given him; and thereupon it shall be the duty of the clerk to issue commissions, with the copies of the interrogatories and cross-interrogatories, if any, annexed in the same manner and to the same persons as is prescribed by section 527 of the Civil Code, and said deposition shall be taken in all respects as is prescribed by the Civil Code in taking depositions in civil cases."

The provisions of this section of the code are so plain that it is hardly worth while to comment thereon.

In the case of Kaelin v. Commonwealth, 84 Ky. pp. 367 and 368, we laid down the rule that inasmuch as depositions were not allowable at common law in a Commonwealth case no deposition could be read on such a trial even at the instance of the defendant except such as were taken in strict conformity to the requirements of section 153 of the Criminal Code.

There we said:

"There is no constitutional inhibition against the state allowing defendants in criminal cases to take and use the depositions of witnesses in their behalf. The Constitution entitled the accused in criminal and penal cases to meet his accusers face to face, and to be confronted with the witnesses against him.

"The state, therefore, cannot authorize the taking and using of depositions of witnesses against him, but he may use the depositions of witnesses in his behalf, under any state of the case that the legislature may allow. His right, however, in this regard is controlled by the legislature.

"The legislature of this state has provided that the defendant in a criminal case may take the depositions of his witnesses to be used in his behalf, if they are about to leave the state without his procurement or consent, or are physically unable to attend for examination in court, or that their death is apprehended. As the right to take and use depositions in common law cases and in criminal cases in behalf of the defendant is a statutory right, and the legislature of the state having said in what state of case the defendant in a criminal case may take the depositions of witnesses to be used in his behalf, it follows that he cannot take the depositions of witnesses in any state of case not provided for by the legislature."

Appellant does not claim in this case that he complied with section 153 or made any effort to do so. He does insist, however, that the depositions should not have been excluded except upon written motion made by the Commonwealth before the trial began and relies upon sections 586 and 587 of the Civil Code, which have no application whatever to the taking of depositions to be read upon the trial of criminal cases.

The rule is very different and the code sets out with great particularity the conditions upon which a defendant may take a deposition in a criminal case and read it as evidence upon his trial. If we were inclined to ameliorate the rule we have no power to do so.

The depositions offered by appellant in this case were not competent, and when the Commonwealth ob-

jected to their introduction the court properly sustained the objection and excluded the depositions as evidence.

There was sufficient evidence for the Commonwealth to carry the case to the jury and to sustain the verdict.

Judgment affirmed.